# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

CARLTON TREMELL TURNER,

Plaintiff-Appellant

v.

JAKE BAIRD; VINCENT COLEMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-625

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Carlton Tremell Turner, Louisiana prisoner # 372940, filed a 42 U.S.C. § 1983 complaint alleging that the defendants denied him a telephone call without a valid reason, sprayed him three times with a chemical agent while he was restrained, and filed a false disciplinary report. Defendants moved for summary judgment and submitted supporting affidavits generally refuting

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Turner's allegations. The district court granted summary judgment for the defendants and dismissed Turner's complaint.

We review a grant of summary judgment de novo. *Haverda v. Hays Cty.,* 723 F.3d 586, 591 (5th Cir. 2013). Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The defendants properly supported their summary judgment motion with sworn affidavits, and Turner did not submit any competent summary judgment evidence. Even pro se litigants may not oppose summary judgment motions with unsworn materials. *See Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980). Neither Turner's original complaint nor his summary judgment opposition was sworn or verified under 28 U.S.C. § 1746.[1] Because the only competent evidence came from the defendants, the district court correctly found that Turner failed to show a "genuine dispute as to any material fact."

The evidence also shows that the defendants were entitled to judgment as a matter of law. Defendant Baird's affidavit provides a valid reason for the suspension of telephone calls on Turner's tier. *See Waganfeald v. Gusman,* 674 F.3d 475, 485 (5th Cir. 2012)). Because Turner was refusing orders and becoming increasingly belligerent, we conclude that the district court did not

---

[1] Turner did finally submit a properly signed and certified declaration from himself and another inmate as part of his objections to the magistrate's recommendation. A district court has discretion to accept new evidence at that stage. 28 U.S.C. § 636(b)(1); *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). But Turner did not move to supplement the evidence with the new declarations and the district court did not rule on the issue. The district court's overruling of the objections and dismissal of the complaint could be construed as an effective denial of an implicit request to supplement. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 & n.22 (5th Cir. 2003). In any event, on appeal Turner does not argue that the district court erred in failing to consider the declarations including in the objections to the magistrate's report and his brief barely relies on the two declarations.

No. 17-30024

err in finding that the single burst of chemical agent was used in a "good-faith effort to maintain or restore discipline," rather "than maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992). Finally, we note that Turner does not argue on appeal that the district court erred in granting summary judgment on his claim that he received a false disciplinary report. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.